UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JIMMIE E. WILLIAMS,

    Plaintiff,

v.                                        CASE NO. 6:07-cv-1219-Orl-19KRS

BREVARD COUNTY JAIL, DR. SMITH,
DR. TITE,

    Defendant.

## ORDER

This case is before the Court on Plaintiff's Motion for Medical Care (titled "Reply Brief"). (Doc. No. 41, filed July 14, 2008). Pursuant to this Court's Order, Defendants have responded to Plaintiff's motion.[1] (Doc. Nos. 44, 48.)

Plaintiff appears to be seeking the Court to order Defendants to provide him with medical care. He states that he is "asking just for whats [sic] right for me to get well." (Doc. No. 41 at 2.) Accordingly, Plaintiff's motion is construed by the Court as a request for injunctive relief.

The Court notes that Plaintiff is currently incarcerated at the Tomoka Correctional Institution and is no longer in the custody of the Sheriff at the Brevard County Detention Center.[2] The Eleventh Circuit Court of Appeals has stated that "[t]he general rule in our

---

[1] Defendant Dr. Smith was terminated from this action on June 2, 2008. Defendant Dr. Tite provides medical care at the Brevard County Detention Center.

[2] In his response to Plaintiff's motion, Defendant Jack Parker, in his official capacity as Sheriff of Brevard County, stated that Plaintiff was incarcerated at the Brevard County

circuit is that a transfer or a release of a prisoner from prison will moot that prisoner's claims for injunctive and declaratory relief." *Smith v. Allen*, 502 F.3d 1255, 1267 (11th Cir. 2007) (citing *McKinnon v. Talladega County, Alabama*, 745 F.2d 1360, 1363 (11th Cir. 1984)). Although Plaintiff states that he "will be going back to Brevard County Jail soon for resentencing" (Doc. No. 41 at 3), he does not state when he will be returning and fails to demonstrate that he will be denied any requested necessary medical care upon his return. Therefore, Plaintiff's Motion for Medical Care (Doc. No. 41) is **DENIED**.[3]

To the extent Plaintiff is seeking medical care from officials at the Tomoka Correctional Institution, Plaintiff is advised that they are not defendants to this action. Therefore, he may file an appropriate action in this Court seeking such relief if he so desires.

**DONE AND ORDERED** at Orlando, Florida this   12th   day of August, 2008.

*Patricia C. Fawsett*

PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

Detention Center at the time he filed the instant lawsuit on July 26, 2007. He was transferred to the custody of the Department of Corrections on or about November 27, 2007, and was housed at the Tomoka Correctional Institution in Daytona Beach. On or about January 8, 2008, Plaintiff was transported back to the Brevard County Detention Center to attend court hearings. On March 30, 2008, he returned to the Tomoka Correctional Institution where he currently remains incarcerated. (Doc. No. 48 at 2.)

[3] Plaintiff is not foreclosed from refiling a request for injunctive relief upon his return to the Brevard County Detention Center. However, the Court does not express an opinion on the merits of such a request at the present time.

Copies to:
pslc 8/12
Jimmie E. Williams
Counsel of Record