UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JIMMIE E. WILLIAMS,

Plaintiff,

v.

CASE NO. 6:07-cv-1219-Orl-35KRS

BREVARD COUNTY JAIL, et al.,

Defendants.

## ORDER

This case is before the Court on Defendant Jennifer Tite's[1] ("Tite") Motion to Dismiss (Doc. No. 38, filed May 28, 2008). Although given an opportunity to do so, Plaintiff did not file a response in opposition to Tite's Motion to Dismiss.[2]

*I. Background*

Plaintiff, a prisoner of the State of Florida and proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983 against Defendants. (Doc. No. 1.) On September 17, 2007, Plaintiff filed an amended complaint. (Doc. No. 7.)

In the section of the civil rights form titled Statement of Facts, Plaintiff alleges:

> I've been in Brevard County Jail now for 8 months, 1-6-07 [to] 9-4-07, still as in [sic] recovery from car accident in 1-13-06. Still in need of more

---

[1] Tite states that Plaintiff incorrectly referred to her as "Dr. Tight" in his amended civil rights complaint. (Doc. No. 38 at 1 n.1.) Tite is a physician's assistant. *Id.*

[2] However, Plaintiff did file a pleading filed "Reply Brief of Plaintiff," (Doc. No. 41), which the Court construed as a motion seeking medical care. *See* Doc. No. 43.

> surgerys [sic]. I've been getting some meds, no treatment or no rehab on my leg or hip, hand or face! Just got a cane, no chair cause I can't stand long plus my hip gos [sic]. In pain all over! I am now 7 to 8 months behind in surgery to eye, nose and ears . . . . This Jail has all the facts and doctors [sic] name. The medication I am getting is no help and I told them. It's over the counter meds and is hurting more then [sic] helping . . . . Plus my leg and hip or my rist [sic] has not even been looked at yet . . . . Dr. Smith will not give me the right medication or treatment. Surgery or recovery plans are not being made by Dr. Tight or Dr. Smith for that matter.

*Id.* at 8-9. Plaintiff requests that he receive surgeries and a recovery plan and the "right medication." *Id.* at 10. Plaintiff also requests money damages for "pain and suffering." *Id.*

On October 18, 2007, the Court found that Plaintiff's amended complaint withstood preliminary review under 18 U.S.C. § 1915A(b). (Doc. No. 12.) Recognizing the duty of courts to construe a *pro se* plaintiff's allegations in a liberal fashion, the Court concluded that Plaintiff was attempting to assert a claim under 28 U.S.C. § 1983. *Id.* at 3. Specifically, the Court stated that although Plaintiff did not identify any right under the Constitution, laws, or treaties of the United States that Defendants allegedly violated, it appeared as if Plaintiff was attempting to assert that Defendants violated his rights under the Fourteenth Amendment to the United States Constitution in that they have been deliberately indifferent to his serious medical needs. *Id.* In support of this conclusion, the Court found that Plaintiff had described his serious medical problems in great detail and alleged that Defendants were aware of such problems. *Id.* at 4.

II. **Standard of Review**

For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the plaintiff and its allegations are taken as true. *See Quality Foods de Centro*

*America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983). Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). A motion to dismiss will be denied unless it appears beyond all doubt that Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Luckey v. Harris*, 860 F.2d 1012, 1016 (11th Cir. 1988), *cert. denied*, 495 U.S. 957 (1990). In the case of a *pro se* action, moreover, the Court should construe the complaint more liberally than it would form pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## III. Discussion

In support of her motion to dismiss, Tite alleges that (1) "Plaintiff has not stated which rights of his pursuant to the Constitution, laws, or treaties of the United States have been violated;" (2) "Plaintiff appears to be asserting a claim for medical negligence... [and] he has failed to demonstrate that he performed the statutorily required conditions precedent to filing a claim for medical negligence, including the notice and presuit requirements of Fla. Stat. 766.106, et al.;" and (3) "Plaintiff has failed to comply with the provisions of the Prison Litigation Reform Act" by not attaching to his complaint copies of the grievances filed and the responses thereto. (Doc. No. 38 at 1.)

As previously determined, Plaintiff's allegations have been construed to allege a claim for deliberate indifference to medical needs under the Fourteenth Amendment. *See* Doc. No. 12. Therefore, Tite's motion to dismiss based on the first two grounds is denied.

As to the third ground for dismissal, Tite's allegations are expressly refuted by the record. Plaintiff filed copies of his inmate grievances with the Court on August 21, 2007, (Doc. No. 4), and August 27, 2007, (Doc. No. 5).[3]

Because Plaintiff has described his serious medical problems in great detail and alleged that Tite was aware of such problems, see Doc. No. 12 at 4, Plaintiff must be given the opportunity to prove his claim on the merits. Therefore, Tite's motion to dismiss is denied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Jennifer Tite's Motion to Dismiss (Doc. No. 38, filed May 28, 2008) is **DENIED**.

2. Defendant Jennifer Tite shall file an answer within **TWENTY (20) DAYS** from the date of this Order.

**DONE AND ORDERED** at Orlando, Florida, this ___9th___ day of October, 2008.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 10/7
Jimmie E. Williams
Counsel of Record

---

[3] Tite's only argument for dismissal based on the Prison Litigation Reform Act ("PLRA") is that Plaintiff did not file copies of his inmate grievances to demonstrate that he exhausted his administrative remedies. See Doc. No. 38 at 4. Because Plaintiff did in fact file copies of the grievances, the Court will not make a determination at this time whether or not Plaintiff failed to comply with the "exhaustion" requirement under the PLRA. Rather, any argument regarding this matter should be asserted by Tite in a motion for summary judgment.